**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMIE E. DUIGNAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **16 CV 9688** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF CHICAGO, a municipal corporation,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Jamie Duignan (hereinafter "Plaintiff"), by and through her attorney, Daniel Q. Herbert from the Law Offices of Daniel Q. Herbert & Associates, for her Complaint against Defendant, City of Chicago (hereinafter "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action against Defendant, under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et. seq., and, Title V, Section 503 of the Act, 42 U.S.C. §12203, for its unlawful employment practices on the basis of a disability. Defendant unlawfully seeks to discharge Plaintiff on the basis of her disability, because Defendant regards Plaintiff as suffering from a disability, and because of Plaintiff's record of a disability.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, and 1343. This action is authorized and instituted pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq*., and, Title V, Section 503 of the Act, 42 U.S.C. §12203.

3.      The unlawful employment practices alleged below were committed in Cook County, Illinois, a county within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. Consequently, venue in this judicial district is proper pursuant to 28 U.S.C. 42 §1391.

4.      All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff filed a charge of employment discrimination on the basis of disability and received a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC") relating to the allegations as set forth below. *See* Exhibit A.

## PARTIES

5.      At all relevant times herein, Plaintiff was a duly qualified peace officer employed by defendant, City of Chicago, an Illinois municipal corporation.

6.      At all relevant times, the City of Chicago was incorporated in the State of Illinois and is a municipality within the State of Illinois.

7.      At all relevant times, the City of Chicago was an employer as defined and codified in 42 U.S.C. §12111(5).

8.      At all relevant times, the City of Chicago was a public entity as defined and codified in 42 U.S.C. §12131(1)(A).

9.      At all relevant times, Plaintiff was an employee of the City of Chicago as defined and codified in 42 U.S.C. §12111(4).

## STATEMENT OF FACTS

10.      The Chicago Police Department, a department of Defendant, hired Plaintiff as a sworn police officer on or about October 10, 2000.

11.      In April of 2014, Plaintiff was hospitalized and given a provisional diagnosis of acute psychosis delusional disorder.

12.      Acute psychosis is an active condition characterized by psychotic symptoms that can manifest as a thought disorder, perceptual disturbances, dreamlike phenomena referring to delusions, and/or fixed false beliefs.

13.      After testing positive for Huntington's disease, it was determined that Plaintiff's psychosis was organic in nature and a clinical manifestation of Huntington's disease. Accordingly, Plaintiff's diagnosis changed to an organic delusional disorder, secondary to a general medical condition, Huntington's disease.

14.      Huntington's disease is a terminal hereditary neurodegenerative disorder that is characterized by progressively worsening motor, cognitive, behavioral, and psychiatric symptoms.

15.      Upon information and belief, Plaintiff's psychosis and Huntington's disease were active for about two or three years prior to April of 2014.

16.      Although Plaintiff was temporarily disabled from performing the duties of her position as a detective, her condition had been medically resolved by September 29, 2014.

17.      Upon information and belief, as of September 29, 2014, Plaintiff experienced a total remission of her psychosis and no longer exhibited any active signs of Huntington's disease.

18.    On August 26, 2014, the Superintendent of the Chicago Police Department, as an agent for the Defendant, engaged in unlawful employment practices when it filed charges with the Police Board of the City of Chicago ("Police Board") (case number 14 PB 2872), recommending that Plaintiff be discharged from the Chicago Police Department based upon incidents that occurred when Plaintiff's psychosis and Huntington's disease were active, in March, April and May of 2013.

19.    On November 21 and 24, 2014 a hearing was held on these charges before the Police Board.

20.    Plaintiff did not deny the charges, rather, Plaintiff maintained that she couldn't fully comprehend the direct orders issued to her and was not responsible for her conduct due to her medical/psychiatric condition.

21.    Dr. Robert Shulman, Plaintiff's treating psychiatrist, testified as an expert in the area of psychiatry and provided unrebutted expert testimony that Plaintiff suffered from acute psychosis delusional disorder, secondary to a general medical condition, Huntington's disease, for two or three years prior to April of 2014.

22.    Dr. Shulman also provided unrebutted testimony that Plaintiff experienced a total remission of her psychosis, no longer exhibited any active signs of Huntington's disease, and could perform the duties of a Chicago police officer without issue.

23.    On February 19, 2015, the Police Board issued its decision and determined that Plaintiff did not knowingly and voluntarily engage in the misconduct alleged because she was in a paranoid delusional state and the misconduct alleged was substantially related to her medical condition.

24.     Consequently, the Police Board found Plaintiff not guilty on all charges and that cause did not exist to discharge Plaintiff. Further, the Police Board directed the Department to handle Plaintiff's case as a medical matter.  *See* Exhibit B.

25.    Counsel for the City was present during all Police Board proceedings and received notice of Plaintiff's medical condition.

26.    Thus, Defendant cannot deny that it was aware of Plaintiff's medical condition and its time frame.

27.    Defendant rejected, without legitimate reason, the conclusions of the Police Board and continued to harass Plaintiff and move for her discharge.

28.    On March 27, 2015, the Superintendent of the Chicago Police Department, as an agent of the Defendant, continued to harass Plaintiff and seek her termination by filing a Complaint for Administrative Review with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, case number 2015 CH 05176, seeking to reverse the Police Board's decision and discharge Plaintiff.

3

29.     On July 27, 2016, after the matter was fully briefed and oral argument had been given, Cook County Chancery Judge Peter Flynn dismissed the Superintendent's Complaint for Administrative Review in its entirety and affirmed the Police Board's decision that cause did not exist to discharge Plaintiff.

30.     On September 16, 2015, the Superintendent of the Chicago Police Department, as an agent of Defendant, again, engaged in unlawful employment practices and filed a second set of charges with the Police Board (case number 15 PB 2894) seeking Plaintiff's discharge from the Chicago Police Department.

31.      Defendant unlawfully regarded Plaintiff as suffering from a disability, and continued to harass her and seek her termination despite Defendant's knowledge of Plaintiff's medical condition and the fact that Plaintiff's medical condition was no longer active.

32.     The Police Board held a hearing on these charges on June 29, 2016. The Police Board has not yet issued its Decision on the matter.

## COUNT I
## Americans with Disabilities Act

33.     Plaintiff repeats and realleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

34.     Plaintiff is a qualified individual with a disability, with a history of having a disability, and who was regarded as having a disability that substantially limits her in one or more major life activities.

35.     At all relevant times herein, Plaintiff with or without reasonable accommodation, could perform the essential functions as a detective for the Chicago Police Department.

36.     Plaintiff's condition is no longer active and with continued treatment, no further active symptoms of illness are expected to recur.

37.     The Chicago police department failed to engage in a good-faith interactive process to determine whether Plaintiff could perform the duties of a detective with or without accommodation.

38.     Title I of the Americans with Disabilities Act as amended, specifically 42 U.S.C. §12101 et seq., makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because the employer regards the employee as suffering from a disability, and/or because of the employee's record of a disability.

39.     Defendant refused to permit Plaintiff to return to work and continues to seek her discharge on the basis of her disability, because Defendant regards Plaintiff as suffering from a disability, and because of Plaintiff's record of a disability.

40.     Defendant discriminated against Plaintiff in subjecting Plaintiff to disability-based harassment.

41.     Defendant's conduct toward Plaintiff illustrates a willful and reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

42.     The aforesaid actions of the Defendant constitutes violations of the Americans with Disabilities Act, 42 U.S.C §12101 *et. seq*.

43.     As a direct and proximate result of Defendant's actions, Plaintiff has been subjected to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff:

(1) economic damages in the form of lost back pay, front pay, medical expenses and insurance premiums and other pecuniary losses, together with interest as permitted by law;

(2) compensatory damages for mental pain and anguish in amounts to be proved at trial;

(3) attorneys' fees and costs of this action;

(4) punitive damages in an amount to be proven at trial;

(5) other affirmative relief necessary to eradicate the effect of Defendant's unlawful employment practices; and

(6) such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

Dated: October 12, 2016                                    Respectfully Submitted,

                                                           /s/Daniel Q. Herbert___
                                                           Daniel Q. Herbert
                                                           Plaintiffs' Attorney

The Law Offices of Daniel Q. Herbert & Associates
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312)655-7660
ARDC #6273940